UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SECRETARY OF LABOR HILDA SOLIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAXIMUS MULTIMEDIA )<br>INTERNATIONAL, LLC, and MAXIMUS )<br>MULTIMEDIA INTERNATIONAL, LLC )<br>401(k) SAVINGS PLAN, )<br>)<br>Defendants. ) | Case No.   12-cv-1208 |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Default Judgment. (Doc. 6). The response deadline has passed, and no responses were filed. For the reasons stated below, Plaintiff's Motion is taken under advisement.

Pursuant to Federal Rule of Civil Procedure 55(a), the Court entered Defendants' default on October 12, 2012, after they had failed to plead or otherwise defend. (10/12/2012 Entry of Default; 10/11/2012 Text Order). Defendants' liability thus established, and is no longer in controversy. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007); *Chathas v. Local 134 Intern. Broth. of Elec. Workers*, 233 F.3d 508, (7th Cir. 2000). The well-pleaded allegations of the Complaint are taken as true. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) (citing Fed. R. Civ. P. 8(d); *Thomson v. Wooster*, 114 U.S. 104 (1885)). Plaintiff now seeks a default judgment and equitable relief against Defendants. (Doc. 6). "Once the default is established, and thus liability, the plaintiff still must establish his

entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *see also* FED. R. CIV. P. 55(a)-(b); *e360 Insight*, 500 F.3d at 604 (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)).

Plaintiff filed her Complaint pursuant to 29 U.S.C. § 1132(a)(2) & (5) on June 27, 2012, claiming that Defendant Maximus violated the terms of the federal Employee Retirement Income Security Act ("ERISA"), specifically 29 U.S.C. § 1104(a)(1)(A) & (B). Plaintiff alleged that Defendant Maximus, the Plan sponsor, administrator, and fiduciary, ceased operations in February 2010. After ceasing operations, Defendant failed to authorize Great West Life Insurance and Annuity Company, the Plan's custodial agent, to distribute the Plan's assets to the participants, and no individual or other entity has taken fiduciary responsibility for the Plan. Due to Defendant Maximus' failure to administer the Plan, its participants and beneficiaries have been unable to obtain distributions from it and their inquiries have gone unanswered. (Doc. 1 at 2-3).

In the Complaint, Plaintiff sought the following equitable relief: the removal of Defendant Maximus from its position as a fiduciary of the Plan and the appointment of an independent fiduciary to administer the Plan in order to effectuate its termination and the distribution of Plan assets to the participants and beneficiaries, and an award of costs to Plaintiff. (Doc. 1 at 4). In the instant Motion for Default Judgment, Plaintiff asks the Court to appoint the law firm of Spencer, Fane, Britt & Browne, LLP, and to allow no more than $59,423.00 in fees and expenses related to the administration and termination of the Plan. It appears that this fee amount, as well as the costs of the bonding required by 29 U.S.C. § 1112,

would be paid by the Plan. Plaintiff appears to have dropped the initial request for costs of suit, and so the Court will not consider it.

As noted above, "although a default judgment establishes liability, it does not answer whether any particular remedy is appropriate." *e360 Insight*, 500 F.3d at 604 (citing *Di Mucci*, 879 F.2d at 1497). "This principle applies with equal if not greater force in the context of equitable relief, for which the law imposes a requirement that the party seeking the injunction demonstrate the inadequacy of legal relief." *Id.* (citing *Walgreen Co. v. Sara Creek Property Co., B.V.*, 966 F.2d 273, 275 (7th Cir. 1992)). In *e360 Insight*, the Seventh Circuit remanded the case for a fuller consideration of the traditional factors governing the imposition of equitable relief. *Id.*

Here, the Court agrees that removal of Defendant Maximus from its responsibility for administration of the Plan is the best course of action, given its failure to provide for the Plan's proper administration and termination upon the cessation of Maximus' business, and that a new fiduciary must be appointed in order to allow the Plan to be terminated in an orderly and just manner, with distribution of the assets to the appropriate participants and beneficiaries. No legal remedy can stand in for this action, especially since it appears that Defendant Maximus could no longer pay any damages award. There is no hardship to Defendants in pursuing this course of action, as they have abdicated their responsibility to administer the Plan, and it serves the public's interest. Moreover, this relief is precisely tailored to the scope of the violation – it addresses

Defendants' abdication of their responsibility to manage the Plan. Equitable relief of this sort is therefore justified.

However, Plaintiff has not explained why Spencer, Fane, Britt & Browne, LLP is her choice for independent fiduciary, and has not explained why a fee of up to $59,423.00, as well as the as-yet unknown costs of the bonding, are reasonable. Since these funds would be taken from the Plan's assets, and there is no party present to represent the interests of the Plan participants and beneficiaries, the Court must take it upon itself to ascertain that Plaintiff's requests are appropriate. Plaintiff will therefore be required to file a brief addressing these issues, in order to allow the Court to more fully evaluate whether to enter the judgment sought.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment (Doc. 6) is TAKEN UNDER ADVISEMENT. Plaintiff SHALL file a supplemental brief within 21 days of the date of this Order, explaining her choice of Spencer, Fane, Britt & Browne, LLP for independent fiduciary, why a fee of up to $59,423.00 is reasonable, and what a reasonable cost for bonding would be in this case. If the Court is satisfied with Plaintiff's explanations, it will enter default judgment and the equitable relief sought, or will modify the award of equitable relief as necessary.

Entered this <u>11th</u> day of January, 2013.

                                                                                       s/ Joe B. McDade
                                                      JOE BILLY McDADE
                          United States Senior District Judge