## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ACTING SECRETARY OF LABOR <br> SETH D. HARRIS,[1] <br><br> Plaintiff, <br><br> v. <br><br> MAXIMUS MULTIMEDIA <br> INTERNATIONAL, LLC, and MAXIMUS <br> MULTIMEDIA INTERNATIONAL, LLC <br> 401(k) SAVINGS PLAN, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.   12-cv-1208 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **O R D E R  &  O P I N I O N**

This matter is before the Court on Plaintiff's Motion for Default Judgment and his Supplemental Brief in Support of that Motion. (Docs. 6 & 8). For the reasons stated below, default judgment is granted in Plaintiff's favor and equitable relief is granted.

Plaintiff filed his Complaint pursuant to 29 U.S.C. § 1132(a)(2) & (5) on June 27, 2012, claiming that Defendant Maximus violated the terms of the federal Employee Retirement Income Security Act, specifically 29 U.S.C. § 1104(a)(1)(A) & (B). Plaintiff alleged that Defendant Maximus, the Plan sponsor, administrator, and fiduciary, ceased operations in February 2010. After ceasing operations, Defendant failed to authorize Great West Life Insurance and Annuity Company, the Plan's custodial agent, to distribute the Plan's assets to the participants, and no individual

---

[1] Acting Secretary of Labor is substituted as Plaintiff for former Secretary of Labor Hilda L. Solis.

or other entity has taken fiduciary responsibility for the Plan. Due to Defendant Maximus' failure to administer the Plan, its participants and beneficiaries have been unable to obtain distributions from it and their inquiries have gone unanswered. (Doc. 1 at 2-3).

Pursuant to Federal Rule of Civil Procedure 55(a), the Court entered Defendants' default on October 12, 2012, after they had failed to plead or otherwise defend. (10/12/2012 Entry of Default; 10/11/2012 Text Order). In his Motion for Default Judgment, Plaintiff sought the following equitable relief: the removal of Defendant Maximus from its position as a fiduciary of the Plan, the appointment of the law firm of Spencer, Fane, Britt & Browne, LLP to serve as independent fiduciary to administer the Plan in order to effectuate its termination and the distribution of Plan assets to the participants, and to allow no more than $59,423.00 in fees and expenses related to the administration and termination of the Plan. This fee amount, as well as the costs of the bonding required by 29 U.S.C. § 1112, would be paid by the Plan. (Doc. 6).

On January 11, 2013, the Court agreed that removal of Defendant Maximus from its responsibility for administration of the Plan is the best course of action, given its failure to provide for the Plan's proper administration and termination upon the cessation of Maximus' business, and that a new fiduciary must be appointed in order to allow the Plan to be terminated in an orderly and just manner, with distribution of the assets to the appropriate participants and beneficiaries. (Doc. 7 at 3-4). However, the Court was not satisfied with Plaintiff's failure to explain why Spencer, Fane, Britt & Browne, LLP was his choice for

independent fiduciary, and why a fee of up to $59,423.00, as well as the as-yet unknown costs of the bonding, was reasonable, and therefore required Plaintiff to file a brief addressing these issues, in order to allow the Court to more fully evaluate whether to grant the relief sought. (Doc. 7 at 4).

Plaintiff has now filed this supplemental brief, which adequately explains Plaintiff's requested equitable relief and allows the Court to grant it in good conscience. (Doc. 8). Plaintiff explains that, after determining that an independent fiduciary should be appointed to terminate the Plan, he solicited requests for proposals from three law firms. (Doc. 8 at 1-2). Of those three, Spencer, Fane, Britt & Browne, LLP was the best choice because its fees were capped at $4,000 less than the bid of one of the other firms, while the third firm's bid failed to limit the fees that might be charged. (Doc. 8 at 2). Spencer Fane's bid represents only 6.7% of the Plan's $893,510.38 in assets. (Doc. 8 at 2). In addition, the Spencer Fane attorney who will handle the termination of the Plan has over 20 years of legal experience focusing solely on employee benefit plans and has served as an independent fiduciary pursuant to court appointments in several other cases. (Doc. 8 at 2). The Court thus approves Plaintiff's choice of Spencer, Fane, Britt & Browne, LLP, and the proposed fee. In addition, because Plaintiff estimates that the costs of the bonding required by 29 U.S.C. § 1112 would be only $350 to $500, the Court approves payment of the cost of such bonding from the Plan's assets.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Default Judgment (Doc. 6) is GRANTED. Default judgment is ENTERED against Defendants Maximus and the Plan.

2. Defendant Maximus is REMOVED from its position as a fiduciary with respect to the Plan.

3. Spencer, Fane, Britt & Browne, LLP is APPOINTED as the Plan's independent fiduciary to terminate the Plan consistent with the Plan's governing documents, the Internal Revenue Code, and the Employee Retirement Income Security Act, and issue distributions to the Plan participants.

4. The independent fiduciary SHALL RECEIVE no more than $59,423.00 for fees and expenses related to the administration and termination of the Plan.

5. Upon final termination of the Plan's assets, the independent fiduciary SHALL PROVIDE proof of such termination and distribution of the Plan's assets to James Purcell, Regional Director of the Employee Benefits Security Administration, 2300 Main Street, Suite 1100, Kansas City, Missouri, 64108-2415.

6. The independent fiduciary SHALL OBTAIN bonding in an amount that meets the requirements of 29 U.S.C. § 1112. The costs incurred by the independent fiduciary in obtaining such bonding SHALL BE PAID by the Plan.

CASE TERMINATED.

Entered this 1st day of February, 2013.

            s/ Joe B. McDade
            JOE BILLY McDADE
            United States Senior District Judge